**Opinion issued October 13, 2020**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-19-00703-CV

———————————

**RICHARD STEPHEN CALKINS, Appellant**

**V.**

**CAROLYN CALKINS JAMES AND MAURICE BRESENHAN, JR., ADMINISTRATOR OF THE ESTATE OF MARY OLIVE HULL CALKINS, DECEASED, Appellees**

---

**On Appeal from the Probate Court No. 2**
**Harris County, Texas**
**Trial Court Case No. 441165**

---

## MEMORANDUM OPINION

Appellant, Richard Stephen Calkins, filed a notice of appeal challenging the probate court's purported denial of his Texas Citizens Participation Act ("TCPA")[1]

---

[1] Tex. Civ. Prac. & Rem. Code §§ 27.001–.011.

motion to dismiss. Appellees subsequently filed a motion to dismiss the appeal for lack of jurisdiction, asserting that no order exists denying appellant's TCPA motion. We grant appellees' motion and dismiss the appeal for lack of jurisdiction.

This Court has jurisdiction only over appeals from final judgments and those interlocutory orders specifically authorized by statute. *See CMH Homes v. Perez*, 340 S.W.3d 444, 447–48 (Tex. 2011); *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001); *see also* TEX. CIV. PRAC. & REM. CODE § 51.014. Section 51.0114(a)(12) authorizes an "appeal from an interlocutory order" that "denies a motion to dismiss filed under Section 27.003." TEX. CIV. PRAC. & REM. CODE § 51.014(a)(12).

Appellant asserts that the trial court orally denied his TCPA motion to dismiss on September 26, 2019. But, contrary to appellant's assertions, the record does not include an order from the trial court—either written or oral—denying appellant's motion to dismiss. Instead, the record demonstrates that the probate court stated at the hearing on September 19, 2019 that it lacked authority to rule on appellant's motion to dismiss because the motion was filed without the required notice. Appellant requested an order denying the motion—asserting that he would seek mandamus relief from the denial— but the probate court stated that it would not rule on the motion because it could not be considered without proper notice. Appellant

2

subsequently filed this interlocutory appeal asserting that the probate court denied his motion.

Because the record demonstrates that the probate court has not issued an order denying appellant's TCPA motion to dismiss, our court lacks jurisdiction over this appeal. Although Section 51.014(a)(12) authorizes an appeal from an interlocutory order denying a TCPA motion to dismiss, there is no authority authorizing an appeal where, as in this case, the court concludes that the motion cannot be considered due to failure to provide the required notice. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(12).

Appellant alternatively asserts that his TCPA motion to dismiss was denied by operation of law. Section 27.008(a) provides that "if a court does not rule on a motion to dismiss under Section 27.003 in the time prescribed by Section 27.005, the motion is considered to have been denied by operation of law and the moving party may appeal." TEX. CIV. PRAC. & REM. CODE § 27.008(a). Section 27.005(a) provides that "[t]he court must rule on a motion under Section 27.003 not later than the 30th day following the date the hearing on the motion concludes." *Id*. § 27.005(a). Here, because the probate court determined that the motion was not properly before the court due to lack of required notice, a "hearing on the motion" has not been held, much less "concluded." Thus, the motion was not denied by

3

operation of law because the 30-day deadline for the court to rule following the conclusion of a hearing on the motion never started to run.

Accordingly, we grant appellees' motion and dismiss this appeal for want of jurisdiction. We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Lloyd, and Landau.